IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MIDWEST DIRECT LOGISTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TWIN CITY TANNING WATERLOO, LLC,<br><br>Defendant. | No. C15-2013<br><br>ORDER REGARDING JURY DEMAND |

This matter comes before the Court on the Motion to Strike Defendant's Notice of Jury Demand (docket number 11) filed by Plaintiff Midwest Direct Logistics, Inc. on July 14, 2015; the Motion in Support of Jury Demand (docket number 14) filed by Defendant Twin City Tanning Waterloo, LLC on July 24; and Resistance (docket number 15) and Brief (docket number 16) filed by Midwest on July 31. Pursuant to Local Rule 7.c, the motions will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 6, 2015, Plaintiff Midwest Direct Logistics, Inc. ("Midwest") filed a complaint against Defendant Twin City Tanning Waterloo, LLC ("Twin City"), claiming damages for an alleged breach of contract. Midwest claims that Twin City owes in excess of $100,000 for the transportation of 27 loads of commodities from Waterloo, Iowa to Woburn, Massachusetts. On April 24, Twin City filed an answer denying the material allegations in the complaint, and asserting certain affirmative defenses. Neither party demanded a jury trial in their initial pleadings.

On July 7, 2015, Twin City filed a notice of jury demand. On July 14, Midwest filed its instant motion to strike, asserting the jury demand was not made timely and, therefore, should be stricken. Twin City responded on July 24 by filing its instant motion in support of jury demand.

Meanwhile, on July 16, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. The Scheduling Order noted that a jury demand had been filed, but also noted that "Plaintiff filed a Motion to Strike Jury Demand on 07/14/2015." On July 20, the Court scheduled a jury trial on September 19, 2016.

## II. DISCUSSION

It is apparently undisputed that the issues in this case are triable of right by a jury. Generally, a party may demand a jury trial by serving the other party with a written demand no later than 14 days after the last pleading directed to the issue is served. FED. R. CIV. P. 38(b)(1). Here, Twin City filed its answer on April 24. Accordingly, the deadline for either party to serve a jury demand was May 8. Twin City served its jury demand in this case on July 7, some 60 days after the deadline.

A party waives a jury trial unless its demand is properly served and filed. FED. R. CIV. P. 38(d). *See also King v. Patterson*, 999 F.2d 351, 353 (8th Cir. 1993). Issues on which a jury trial is not properly demanded are to be tried by the court. FED. R. CIV. P. 39(b). "But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." *Id.* Twin City concedes its jury demand was not served timely, but asks the Court to exercise its discretion and order a jury trial pursuant to RULE 39(b).

The Eighth Circuit Court of Appeals has instructed that courts "ought to approach each application under RULE 39(b) with an open mind." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2334, at 116 (1971)). "[J]ury trials ought to be liberally granted

2

when no prejudice results." *Id.* While the Eighth Circuit has not articulated a legal standard under RULE 39(b), other circuits have identified five factors for the Court to consider:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Singh v. Allen Memorial Hospital Corp.*, 2005 WL 928614 (N.D. Iowa) at *1 (citing *Freeborn v. Mak*, 270 F. Supp. 2d 1064, 1066 (S.D. Iowa 2003)).

Regarding the first factor, it is not entirely clear to me what issues are "best tried to a jury." I note, however, that contract issues are routinely submitted to a jury, and there is no reason to believe that a jury could not decide the issues raised in this case. Because no discovery has taken place and the trial is not set for another year, granting the motion to file a late jury demand would not "disrupt" the Court's schedule — the second factor identified above. For the same reason, the third factor — the degree of prejudice to the adverse party — weighs in favor of permitting the late-filed jury demand.[1]

The fourth identified factor requires the Court to consider the length of delay in requesting a jury trial. Here, Twin City filed its jury demand 60 days after the deadline for doing so. As noted previously, however, the case is still in its early stages. As a reason for its tardiness, Twin City asserts that "[d]uring the investigation stage, defense

---

[1] In its resistance, Midwest concedes the second and third factors "do not weigh in favor of striking Defendant's jury demand." Plaintiff's Resistance (docket number 16) at 2.

3

counsel determined that it would be appropriate for the matter to be resolved by a jury."[2] Twin City further asserts that "[u]nlike the Plaintiff, who is bringing the lawsuit in the first instance, Twin City needed additional time to determine whether a jury would be appropriate."[3]

The reason cited by Twin City for its tardiness is not entirely convincing to the Court. However, the other four identified factors weigh in favor of granting Twin City's motion to file an untimely jury demand. This case is in its early stages, no prejudice will result to Midwest, and the trial will not be delayed. Heeding the Eighth Circuit's admonition that "jury trials ought to be liberally granted when no prejudice results," *Littlefield*, 614 F.2d at 585, the Court finds that Midwest's motion to strike should be denied and Twin City's motion for jury demand should be granted.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Strike (docket number 11) filed by Midwest is **DENIED**.

2. The Motion for Jury Demand (docket number 14) filed by Twin City is **GRANTED**.

3. This matter will proceed to a jury trial as previously ordered by the Court.

DATED this 3rd day of August, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] Defendant's Memorandum (docket number 14-1) at 3.

[3] *Id.*