# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MIDWEST DIRECT LOGISTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TWIN CITY TANNING WATERLOO, LLC, <br><br> Defendant. | No. 15-CV-2013-LRR <br><br> **ORDER** |

_____

The matter before the court is Plaintiff Midwest Direct Logistics, Inc.'s ("Midwest") objections to the testimony of Diane Warner as presented in the court's Final Pretrial Order (docket no. 60). In the Final Pretrial Order, Defendant Twin City Tanning Waterloo, LLC ("TCTW") states that it anticipates calling Ms. Warner to "testify concerning those exhibits authored or received by her, and [to] testify that the intent of the parties was that Atlantic Trading would be exclusively liable for any shipping costs, and related matters." Final Pretrial Order at 4. Midwest objects to the testimony and states that Ms. Warner "is an employee of [Midwest] outside the scope of the [c]ourt's subpoena power to cause her to appear live at trial." *Id*. Midwest states that Ms. Warner lives and works in Michigan and is not a corporate officer or owner of Midwest. *Id*.

Federal Rule of Civil Procedure 45(c)(1) permits a trial court to subpoena a person to appear at trial only if the proceeding takes place "within [one hundred] miles of where the person resides, is employed, or regularly transacts business in person" or, if the witness is a party or a party's officer, "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (c)(1)(B)(i). Put more plainly, Rule 45 "does not authorize a subpoena for trial to require a party or party officer to travel more than [one hundred] miles unless the party or party

officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment. Rule 45 was specifically amended in 2013 to address the situation typified by In re *Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664, 666-67 (E.D. La. 2006), in which the United States District Court for the Eastern District of Louisiana refused to quash a subpoena compelling a party officer from New Jersey to testify at trial in Louisiana.

Here, Ms. Warner resides and is employed outside of the State of Iowa. There is no evidence that she regularly transacts business within the state. Therefore, she appears to be outside of the court's power to subpoena for trial. Accordingly, the court lacks the power to compel Midwest to produce her for testimony. However, the court is troubled by Midwest's apparent refusal to produce its own employee for trial in a suit that it initiated. The record reveals that Ms. Warner sent several emails to Michael Lerner of Atlantic during the course of Atlantic and Midwest's business relationship. *See, e.g.*, TCTW Appendix in Support of Summary Judgment (docket no. 36-3) at 67-69, 75-77. Ms. Warner's testimony would undoubtedly be helpful to explain her thought process in sending the emails and is germane to Midwest's understanding of any purported agreement between itself and Atlantic. The court strongly urges Midwest to reconsider its stance regarding Ms. Warner, whom the court views to be an important witness. The court recommends that Midwest agree to produce Ms. Warner for testimony at trial. However, if Midwest continues to refuse, the court finds that TCTW should have the opportunity to depose Ms. Warner and to have such testimony read into evidence or played in video format at trial.

The parties are therefore **DIRECTED** to confer regarding Ms. Warner's testimony **by no later than September 1, 2016.** In the event that such conference does not result in an agreement to produce Ms. Warner for live testimony at trial, TCTW may depose Ms. Warner in accordance with the Federal Rules of Civil Procedure as soon as possible, in

order to attempt to comply with the court's deadlines regarding deposition testimony. *See* Trial Management Order (docket no. 13) at 10-11. However, if TCTW timely notices the deposition, the court shall still consider admission of the deposition testimony, even if it falls outside of the deadlines set in the Trial Management Order.

**IT IS SO ORDERED.**

**DATED** this 29th day of August, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA